BOUSQUET *v.* BROWN.*

(Division B. Nov. 19, 1928. Suggestion of Error Overruled Dec. 17, 1928.)

[119 So. 166. No. 27430.]

172

*Corpus Juris-Cyc References: Evidence, 22CJ, section 70, p. 138, n. 4; Taxation, 37Cyc, p. 1383, n. 89; As to construction of statute authorizing redemption of land from tax sale, see 22 R. C. L. 427.

*Wadlington & Corbon,* for appellant.

*M. D. Brown,* for appellee.

ANDERSON, J. Appellee filed his bill in the chancery court of Harrison county against appellant to confirm his

title to a lot, described in the bill, situated in the city of Biloxi, in said county. A decree *pro confesso* and a final decree were rendered in his favor. From the final decree appellant prosecutes this appeal. The case is here on the pleadings, decree *pro confesso,* and final decree alone.

Appellee set out in his bill that he was the owner in fee of the lot involved, which is fully described in the bill; that the lot was patented by the United States to Angelique Frazier, on July 7, 1847; that on the 2d day of April, 1917, the lot was sold by the tax collector of Harrison county for the state and county taxes due thereon for the year 1916, and was purchased by the state; that thereupon the tax collector of Harrison county, within the time and in the manner prescribed by law, certified to the land commissioner the list of such sales to the state, including said lot; that said lot remained unredeemed from said sale for more than two years; that the state thereby became the owner of said lot. There was attached to appellee's bill the list of lands forfeited to the state for their taxes at said sale, which included the lot involved. The bill alleged that on the 11th day of August, 1926, appellee purchased said lot from the state, the land commissioner executing to appellee a forfeited tax land patent therefor. A copy of the patent was attached to the bill. The bill set out further that at the time of said tax sale the lot involved was assessed to appellant, and others whose names are given in the bill. The forfeited tax land patent, attached to the bill as an exhibit, is in the usual form. It recites a consideration of twenty-five dollars, and is dated August 11, 1926.

Appellant answered the bill, denying appellee's ownership of the lot, but admitting that the lot was forfeited to the state on April 2, 1917, for its taxes of 1916, as alleged in the bill. The answer denied that the lot remained unredeemed from that tax sale, but averred that, on the contrary, appellant redeemed the same from the state on the 1st day of October, 1918, before the two-year

period for redemption provided by statute had expired. Appellant set out as an exhibit to his answer the land commissioner's certificate of redemption of the lot, a part of which certificate is in this language:

"I hereby certify, that Joseph Bousquet has this day paid to me the sum of twenty dollars and seventy cents, which is in full for the redemption of the following lands in Harrison county, held for the several taxes and charges thereon, said lands having been sold to the state by the tax collector of said county, on the first day of April, 1918:

"Description of land—1 lot S by Bertrand, E by Fayard St., N by Davis, W. by Anglado Alley, Section—, Township 7, Range 9, Acres—.

"I, therefore, by virtue of the power vested in me by law, hereby release and discharge all claims of the state upon said lands.

"Witness my hand and official seal, at office, in city of Jackson, this first day of October, 1918."

Appellant averred further, in his answer, that,

"Defendant therefore alleges that whatever claim the state of Mississippi had upon said land from the 2nd day of April, 1917, was released and discharged by said redemption certificate dated October 1st, 1918. That the name 'Joseph Bousquet' in said redemption certificate is the same defendant as J. O. Bousquet or Joe Bousquet. And that the description of said land in said redemption certificate is the identical piece or parcel of land as described in said bill of complaint in Cause No. 9585 of the chancery court of Harrison county, Mississippi. That said redemption certificate is duly recorded in the record of deeds of Harrison county, Mississippi, in Book No. 122, on pages 595-596, and was of record when the said complainant, Cecil L. Brown, obtained a patent to said land from the state of Mississippi."

On motion of appellee, appellant's answer was stricken from the files, on the ground that it constituted no de-

fense to appellee's bill. Thereupon appellee, by leave of the court, filed an amendment to the original bill, the material part of which follows:

"Now comes the complainant, Cecil L. Brown, in the above-entitled and numbered cause, and shows unto the court, that since filing his said bill herein, and since the last term of this court, some question, as to the form of his patent, Exhibit B to the bill of complaint, arose, and to clear any doubt as to the said patent, he procured a further additional patent, to the said land, to-wit: from the State Land Commissioner of Mississippi, to-wit: a forfeited tax land patent, dated December 16, 1927, and being issued under Chapter 185, House Bill No. 16, Laws of 1926, which patent is not yet of record, a copy of which said patent is hereto attached, marked 'Exhibit C' and made a part hereof, as fully as though copied herein, the original will be produced, on the trial hereof, if necessary."

The lieu patent to the lot, described in the amendment to the bill, which was issued under chapter 185 of the Laws of 1926 (Hemingway's 1927 Code, section 6087) was made an exhibit to the amendment to the bill. It is dated December 26, 1927. It was issued after the original bill in this case was filed. The patent contains the recital that it was issued to appellee under the authority of chapter 185 of the Laws of 1926 (Hemingway's 1927 Code, section 6087), in the place of the patent issued to appellee on the 11th of August, 1926.

Appellant, failing to make further answer to the original bill as amended, on motion of appellee a decree *pro confesso,* followed by a final decree, was rendered, confirming appellee's title to the lot.

Appellee's position is, and the chancellor must have taken that view in order to have rendered the decree appealed from, that the land commissioner's redemption certificate issued to appellee October 1, 1918, was for the purpose of evidencing a redemption of the lot from a

sale thereof to the state on the 1st day of April, 1918, for its 1917 taxes, while appellant's contention is that, under the law, no such sale could have legally taken place, because the state already had the title to the lot, subject to redemption, and therefore the certificate of redemption could only apply to the 1917 sale of the lot for taxes due thereon for 1916.

Section 4355, Code of 1906 (Hemingway's 1927 Code, section 8279) provides, among other things, "Land purchased by the state for taxes shall not again be sold for taxes until redeemed." Section 4330, Code of 1906 (Hemingway's 1927 Code, section 8249) provides as follows:

"The owner or any person interested in any land sold to the state for taxes may redeem it, or any part of it, where it is separable by legal subdivisions of not less than forty acres, or any undivided interest in it, at any time within two years after the day of sale to the state, by paying to the land commissioner the amount of all taxes for which the land was sold, and all the costs incident to the sale, and all taxes and costs accrued thereon since the sale, and twenty-five per centum on all taxes for which it was sold added thereto; and upon payment to the land commissioner he shall execute to the person redeeming the land a release of the title of the state thereto, and the land commissioner shall immediately notify the auditor, chancery clerk, and tax-collector, giving the name of the person redeeming, date of the redemption, and description of the lands, and when they receive such notice they shall at once make an entry thereof upon their records. The tax-collector shall keep a record of state tax lands for convenience in making settlements with the state and county."

Notwithstanding appellant's certificate of redemption recites, "Said lands having been sold to the state by the tax collector of said county on the 1st day of April, 1918," it does not follow that it did not operate to re-

deem the lot from its 1917 tax sale. It will be observed that the concluding paragraph of the redemption certificate is in this language: "I, therefore, by virtue of the power vested in me by law, hereby release and discharge all claims of the state upon said land." Under the statute first above referred to, if there had been a tax sale of the lot in 1918 for the taxes due thereon for 1917, such sale was void—it was made squarely in the face of the statute prohibiting the sale of land for taxes after it has been forfeited to the state, and before redemption. Therefore there had been only one legal sale of the lot to the state, and that was on the 2d day of April, 1917, for its taxes for 1916. Under the averments of appellant's answer, he made application to the land commissioner to redeem the lot within the two year period allowed by statute for that purpose. There was only one sale from which the lot could have been redeemed, and that was the sale of April 2, 1917. In order to redeem the lot, under the latter statute, above quoted, appellant was required to pay to the land commissioner the amount of taxes for which the lot was sold, all costs incident to the sale, as well as all taxes and costs which had thereafter accrued on the lot since its sale, and, in addition, twenty-five per centum on the taxes for which it was sold. It was the duty of the land commissioner, before he issued his certificate of redemption, to demand and receive of appellant the amounts required by the statute as a condition precedent to redemption of the lot. It is *prima-facie* presumed that the land commissioner complied with the statute in that respect. If he did not, it was not appellant's fault, and appellant should not be made to suffer for the land commissioner's default. The recital in appellant's certificate of redemption, that the lot was sold on the 1st day of April, 1918, is not controlling. The controlling recitals are that appellant had paid to the land commissioner the necessary amounts in order to redeem the lot, the description of the property redeemed

and a release of all claims of the state against the lot. The certificate contained these recitals, and, under the law, it will be applied to the only tax sale of the lot to the state which was legal, namely, that of 1917 for its taxes of 1916.

Statutes authorizing the redemption of lands from tax sales are liberally construed in favor of the redemptionist. *Darrington* v. *Rose,* 128 Miss. 16, 90 So. 632.

*Reversed and remanded.*