KALMIA REALTY & INS. CO. *et al. v.* HOPKINS.

(Division A.   May 30, 1932.)

[141 So. 903.   No. 30011.]

Shannon & Schauber, of Laurel, and Gabe Jacobson, of Meridian, for appellants.

Gabe Jacobson, of Meridian, for appellants.

**A. B. Amis, Jr.,** of Newton, for appellee.

Argued orally by C. R. Shannon, for appellant.

Cook, J., delivered the opinion of the court.

The appellee, John L. Hopkins, filed a bill of complaint in the chancery court of Newton county, Mississippi, against the Kalmia Realty & Insurance Company, W. S. Taylor, and A. C. Graham, sheriff, praying for the issuance of an injunction prohibiting the appellants from

selling or attempting to subject certain property to the supposed lien of a certain judgment in favor of the appellants Kalmia Realty & Insurance Company and W. S. Taylor, and against S. D. Russell and A. S. McClendon. A temporary injunction was issued and served on the appellants, and thereafter they interposed a demurrer to the bill of complaint, which was overruled. Thereupon they answered the bill, and upon final hearing on the original bill, answer, and proof, a decree was entered making the temporary injunction perpetual, and awarding the appellee an attorney's fee of five hundred dollars as damages for the wrongful, willful, and malicious acts of the appellants in causing the levy of an execution on the property described in the bill of complaint, and from this decree this appeal was prosecuted.

From the pleadings and proof it appears that at the August, 1929, term of the circuit court of Newton county, the appellants Kalmia Realty & Insurance Company and W. S. Taylor, secured a judgment against S. D. Russell and A. S. McClendon in the sum of five thousand five hundred dollars, with eight per cent interest from February 11, 1927, which judgment was not enrolled in the circuit clerk's office until December 20, 1929, more than four months after the adjournment of the August term of the said circuit court. On the 30th day of November, 1929, after the rendition of said judgment, but before the enrollment thereof, S. D. Russell, one of the judgment debtors named above, for a stated consideration of twenty thousand dollars in cash, executed and delivered to the appellee a warranty deed conveying to him the property described in the bill of complaint. This deed was executed by S. D. Russell and his wife on the 30th day of November, 1929, and was filed for record in the office of the clerk of the chancery court of Newton county on the 3d day of December, 1929. Thereafter one of the attorneys for the judgment creditors named above examined the records of the chancery clerk's office of said

county, and found the aforesaid deed conveying the said property to appellee, and on the 30th day of March, 1931, he directed the clerk of the circuit court to issue an execution on the said enrolled judgment, and, under the direction of said attorney, the sheriff of the county levied on the property theretofore conveyed to the appellee by Russell, and advertised the same for sale under the said execution. Prior to the date fixed for the sale of said property under the execution, the appellee filed the bill of complaint herein, praying for the issuance of a temporary injunction enjoining the sale, and for damages for the wrongful, willful, and malicious levy of the execution.

The assignments of error are stated in varying language under numerous subheads, but for the purpose of this decision they may be combined into two general assignments: First, that the court erred in rendering a decree in favor of appellee making the injunction perpetual; and, second, the court erred in awarding the appellee attorney's fees as damages.

The first assignment of error, as stated above, involves the consideration and construction of sections 610 and 611, Code 1930. Omitting the form of the prescribed caption of the pages of the judgment roll, section 610, Code 1930, reads as follows: "The clerk of the circuit court shall procure and keep in his office one or more books, to be styled 'The Judgment Roll,' which books shall be appropriately divided under the several letters of the alphabet, and on each page shall be placed the following caption: [Omit caption.] And the clerk shall, within twenty days after the adjournment of each term of the court, enroll all final judgments rendered at said term, in the order in which they were entered on the minutes, by entering on the judgment roll, under the proper letter or letters of the alphabet, the names of each and every defendant to said judgment, the amount of such judgment, the date of its rendition, the county and the court

in which rendered, the date of enrollment, and the names of the plaintiff or plaintiffs. When any judgment shall be satisfied, the clerk shall so enter under the proper heading, and subscribe the entry.''

Section 611, Code 1930, reads as follows: ''A judgment so enrolled shall be a lien upon and bind all the property of the defendant within the county where so enrolled, from the rendition thereof, and shall have priority according to the order of such enrollment, in favor of the judgment creditor, his representatives or assigns, against the judgment debtor, and all persons claiming the property under him after the rendition of the judgment; and a judgment shall not be a lien on any property of the defendant thereto unless the same be enrolled; but in counties having two judicial districts a judgment shall operate as a lien only in the district or districts in which it is enrolled.''

In the case of Johnson v. Cole Mfg. Co., 144 Miss. 482, 110 So. 428, 429, it was held that ''these sections give no lien until the judgment is enrolled; that it is the enrollment of the judgment that creates the lien,'' and this is but a restatement of the express provision of section 611, Code 1930, that ''a judgment shall not be a lien on any property of the defendant thereto unless the same be enrolled.'' This section provides, however, that when a judgment is so enrolled, that is, within twenty days after the adjournment of the court at which it was rendered, it ''shall be a lien upon and bind all the property of the defendant within the county where so enrolled, from the rendition thereof, and shall have priority according to the order of such enrollment, in favor of the judgment creditor, his representatives or assigns, against the judgment debtor, and all persons claiming the property under him after the rendition of the judgment.'' But it is only when enrolled within the time allowed to the clerk for enrolling judgments rendered at any term

of court, that a judgment lien relates back to the date of the rendition thereof.

A judgment enrolled after the expiration of the time within which the clerk is required by section 610, Code 1930, to enroll judgments rendered at any term of court, creates a lien only from the date of enrollment, and does not affect the rights of intervening or prior bona fide purchasers. In the case at bar the judgment was not enrolled until some time after the appellee acquired the property by purchase and had placed his deed of record. It is admitted that the appellee caused the title to the lands to be investigated, and was advised that the record showed that the title was vested in the proposed vendor, free of all liens except a deed of trust in favor of the First National Bank of Meridian. The record shows that the appellee was a bona fide purchaser for value of the property involved long before the enrollment of the judgment, and consequently this property was not subject to levy and sale under an execution based on the judgment. The decree of the court below making the injunction perpetual will therefore be affirmed.

We are of the opinion, however, that the court erred in allowing the appellee attorney's fees. It is the general rule in this state that attorneys' fees are not recoverable as a part of damages, unless the wrong or injury complained of is connected with some circumstance of aggravation or malice, or in other words, that attorneys' fees can be awarded only in cases in which exemplary damages are recoverable. Yazoo & Miss. Valley R. Co. v. Consumers' Ice & Power Co., 109 Miss. 43, 67 So. 657. The proof shows that in the issuance and levy of the execution the appellants acted under the directions and advice of a reputable and able attorney who conceived that under the provisions of sections 610 and 611, Code 1930, upon the enrollment of the judgment in December, 1929, the lien thereof related back to the rendition of the judgment. We do not think the proper construction

of those statutes is so manifest or free from doubt as to render one guilty of a willful or malicious wrong, or negligence so gross as to show a reckless disregard of consequences, who acted upon the advice of counsel to the effect that the lien of the judgment was superior to the rights of purchasers subsequent to the rendition of the judgment. Consequently in so far as the decree allowed attorney's fee it will be reversed, and the costs of this appeal will be equally divided between the appellants and the appellee.

Affirmed in part; reversed in part.