STEGALL *v.* MILES.

(Division A. April 5, 1943.)

[12 So. (2d) 537. No. 35277.]

Nichols & Huff, of Forest, for appellant.

**Ernest L. Shelton**, of Jackson, and **Colbert Dudley**, of Forest, for appellee.

Argued orally by **J. Knox Huff**, for appellant.

**Smith, C. J.**, delivered the opinion of the court.

The appellee· exhibited an original bill of complaint against the appellant praying for the confirmation of an alleged tax title to certain described land, and there was a decree accordingly. The following appears in substance from the pleadings and the evidence on which the case was tried: On the 4th day of April, 1932, the land described in the bill of complaint was owned by and assessed for taxes to R. P. Stegall, on which day the sheriff· sold it to the state for taxes due thereon for the year 1931. On March 27, 1935, R. P. Stegall applied to the chancery clerk, in accordance with Section 3263, Code of 1930, for a release of the land from this sale thereof to the state for taxes, paid the clerk what he demanded therefor and received from him a release executed in accordance with Section 3264, Code of 1930. Included in the amount paid by the appellant to the clerk for this release were the taxes due on the land for 1931, 1932, and 1933, but not for the year 1934. The reason the clerk did not collect the taxes for 1934, which were then past · due, is that an examination by him of the sheriff's tax receipt book seemed to disclose that the taxes for 1934 on the land had been that day paid by R. P. Stegall. The sheriff's custom when collecting taxes was to fill out, in a

receipt book kept for that purpose, an original receipt for the taxes paid to be given to the taxpayer and two carbon copies thereof, the third carbon remaining in the book after the other two had been detached therefrom, the original being delivered to the person paying the taxes and the detached carbon placed on a wire file for later use by the sheriff or his employees. When the chancery clerk examined this receipt book, it disclosed the third carbon copy of a receipt for the taxes on this land for 1934 issued that day to R. P. Stegall, the original and first carbon copy having been detached therefrom, from which he presumed that the taxes had that day been paid. It afterwards developed that the original of this receipt remained in the sheriff's office and thereafter, together with the first carbon copy thereof, were pinned to the third carbon copy remaining in the receipt book, the original being marked "void." How this came to be done, no one now remembers. Although Section 3264 under which this release was executed does not so require, the chancery clerk set forth on the release following his signature thereto a statement of the taxes and charges collected by him in which the taxes for 1934 do not appear. The chancery clerk does not remember what part, if any, Stegall took in the investigation of the payment vel non of the taxes on the land for 1934 nor that Stegall said or did anything to induce him to think that the taxes for that year had been paid. In September, 1934, the board of supervisor of Scott County made an order reciting that this land had not been sold for taxes on the regular day and directing the sheriff to sell it therefor on the 7th day of October, 1935. This the sheriff did, striking it off to the state for the taxes for 1934. Not having been redeemed from this sale, the land was sold by the state to Boatner on February 18, 1942, and thereafter by Boatner to the appellee. In October, 1939, R. P. Stegall sold the land to the appellant, after which and prior to the institution of this suit R. P. Stegall died. Whether the appellant knew when he purchased the land from R. P. Stegall

that the taxes thereon for 1934 had not been paid does not appear, and he makes no contention based on the absence of such knowledge.

The appellee does not claim through the sale to the state for taxes in 1932 but only through the sale to the state for taxes on October 7, 1935. In support of the validity of that sale, he says in effect that the land having been redeemed in March, 1935, from the sale to the state in April, 1932, for the taxes of 1931 without the payment of the taxes thereon for 1934, the land remained subject to sale therefor, consequently the sale thereof for such taxes on October 7, 1935, was valid. Whether this is true or not depends on the effect of the release of the land from the sale thereof to the state for taxes in April, 1932, executed by the chancery clerk to R. P. Stegall in March 1935. After the sale of the land to the state for taxes in April, 1932, it was not thereafter subject to sale for taxes accruing thereon unless and until it should be redeemed from that sale. Section 3284, Code of 1930. When Stegall applied to the chancery clerk for a release to the land from that sale, it was the clerk's duty to issue the release if but not unless he had collected from Stegall the payments required for the redemption of the land, among which were "all taxes and costs that have (had) accrued on the land since the sale." Sections 3152 and 3264, Code of 1930. The taxes on the land for 1934 had accrued when Stegall applied to the chancery clerk for the release of the land from the sale to the state in 1932, and therefore it was the clerk's duty to collect it from Stegall before issuing the release. Assuming that it appears by competent evidence that he did not collect this tax, R. P. Stegall is not chargeable with his failure to do so unless he fraudulently participated therein. Bousquet v. Brown, 152 Miss. 171, 119 So. 166; McLain v. Meletio, 166 Miss. 1, 147 So. 878. The burden of proving that Stegall was guilty of such fraudulent conduct was on the appellee, and the record is barren of any evidence that would support a finding that he was guilty thereof. But, the ap-

pellee says that under the holding of this court in Erwin v. Lee, 118 Miss. 194, 79 So. 104, it was the duty of the sheriff and not of the chancery clerk to collect the taxes on this land for the year 1934. The statutes hereinbefore cited expressly negative this contention, and the reasons that impelled the court to its holding in Erwin v. Lee, wherein the sale for taxes was not to the state but to an individual, are not pertinent here. The court there said that in such a case, the taxes to be collected by the chancery clerk are such as have been actually paid by the purchaser at the tax sale after his purchase of the land and before it was redeemed. While here no one is required to pay the taxes accruing on land after its sale to the state for taxes except the one who redeems it from that sale and then not until he offers to redeem it.

The decree of the court below will be reversed and the bill of complaint will be dismissed. The appellant's motion for the allowance of an attorney's fee in this court will be overruled.