GORDON *v.* WALTON *et al.*

(Division A. May 17, 1943.)

[13 So. (2d) 627. No. 35375.]

**B. D. Wade,** of Jackson, for appellant.

**C. E. Johnson,** of Union, for appellees.

Argued orally by **B. D. Wade,** for appellant.

**Roberds, J.,** delivered the opinion of the court.

Appellant, in her bill in this cause, seeks (1) to remove as a cloud on her title to two lots in the Town of Newton, Mississippi, a patent thereto issued by the State of Mississippi to defendant, G. W. Burt, and (2) to procure a

personal decree against appellee Walton, as chancery clerk, and his bondsman, for damages caused appellant by the wrongful act of said clerk in certifying to the state that the said two lots had not been redeemed from tax sales to the state, after appellant had redeemed said lots from the sales and Walton had issued to her a release thereof under Section 3263, Code of 1930, as amended by Chapter 175, page 473, Laws of 1932, and Chapter 197, page 452, Laws of 1934, and Section 3264, Code of 1930, amended by Chapter 286, Section 1, Laws 1932.

Defendants, by general demurrer, contended the bill stated no cause of action and, by special demurrer, that it was multifarious.

The chancellor overruled the special demurrers but sustained the general demurrer as to Walton and his surety and dismissed the bill from which Gordon appeals, and overruled it as to Burt, allowing him time to answer, as to which Burt makes no complaint here.

There were two tax sales to the state. Apparently the clerk overlooked the first sale when appellant offered to redeem the land, and the release refers only to the last sale, as was the case in Bousquet v. Brown, 152 Miss. 171, 119 So. 166. The theory of the bill is that this release, although it refers to the last sale only, effectually released all claim of the state under both sales, and that no title was conveyed to Burt by the patent, but that such patent is a cloud on the title of appellant, and that Walton and his bondsman are liable to appellant for the expense and costs she must incur in removing this cloud from her title. The bill also has a prayer for general relief, which might constitute sufficient basis for recovery, if liability exists, against Walton for the value of the land, if perchance his action in certifying it as state-owned land results in loss of title thereto by appellant. But the amount of the costs and expenses and who has title to the lots cannot be determined until termination of this case, and the issues between appellant and Walton and his surety, and those between appellant and Burt, cannot be tried

and determined simultaneously and together in this suit. The chancellor was correct in dismissing the bill as to Walton and his bondsmen, but it should have been dismissed without prejudice to appellant to hereafter assert against them whatever rights she may have after termination of her litigation with Burt. That judgment will be entered here.

Appellant also urges that the decree below sustaining said demurrer should be set aside entirely because it was taken in the absence of her counsel, such absence being occasioned by the failure of the chancellor and the chancery clerk to properly respond to letters by her counsel asking for information as to the state of the pleadings in this suit, and the setting of the cause for trial. We have reviewed the correspondence and find no merit in this contention.

Affirmed in part and judgment here accordingly, and remanded.