RODGERS, Presiding Justice:
This suit began in the Chancery Court of the First Judicial District of Hinds County, Mississippi. Complainant Equity Services Company filed a Bill in Chancery requesting the court to confirm an alleged tax title in the complainants against the original owners, Robert B. Hamilton and his wife Mrs. Virginia Hamilton. The Bill also named the following defendants: The City of Jackson, Mississippi; Chester W. Lake, a lienholder; First Federal Savings and Loan Association, Inc., a lienholder; all other unknown persons having any claim against the property involved. All of the named defendants filed their respective answers and cross-bills except the City of Jackson who only filed an answer.
The record reveals many motions and orders necessary to discuss. Finally, the testimony shows that Mr. and Mrs. Robert B. Hamilton owned a home in the City of Jackson on land described as Lot 7, Block T, Eastover Section 24, as shown by a certain subdivision plat on file in the office of the Chancery Clerk of Hinds County, Mississippi, Plat Book 16 at page 34. The property was duly assessed for municipal taxes for the year 1967, but Mr. and Mrs. Hamilton (hereafter called Ham-iltons) were unable to pay the city taxes and the property was offered for sale and sold to Equity Services Company for the 1967 taxes due the city. It is admitted by all concerned that the tax sale was a valid sale. Thereafter, Equity Services Company (hereinafter called Equity) paid the city taxes on the property for the years 1968 and 1969.
Notice was duly given to the Hamiltons to redeem (on December 30, 1969) before April 1, 1970. On March 26, 1970, the Hamiltons requested the City Tax Collector to compute and furnish them a statement of the amount necessary to redeem the property from the tax sale. On March 27, 1970, the Hamiltons obtained an additional loan from the First Federal Savings and Loan Association (hereafter called First Federal) and secured a check in the sum of two thousand three hundred ninety-five dollars and thirty cents ($2,395.30) payable to the Hamiltons and the City of Jackson, which was the sum required to redeem the property. This check was delivered to Mr. Rex Wright, the City Tax Collector.
The notice from the City requesting payment has the following writing on the back of the notice, inter alios:
“Assessments sold for delinquent tax must be redeemed from such sale by payment to City Tax Collector within two years from date sold to protect title. Otherwise the sale will become final to purchaser. . . ”
HOW AND WHERE TO PAY:
Make Check, Money Order or Cashier’s Check payable to CITY OF JACKSON. Address remittance by mail to City Tax Collector, P. O. Box 17, Jackson 5, Mississippi, or pay at City Tax Collector’s office, City Hall, 200 block, South President Street.”
The check was duly endorsed by the City of Jackson by Rex L. Wright on March 30, 1970, and cashed March 31, 1970.
The record further shows that tax redemption receipt was issued satisfying and cancelling the tax lien upon the home of the Hamiltons. This receipt was signed by Rex L. Wright, City Tax Collector and below this signature are the following words:
“Clerk’s Certificate: This is to certify that said sale has been cancelled on said list.
/s/ Elva Little_
Deputy City Clerk”
*203 The testimony reveals that the Hamiltons had, prior to the delivery of the foregoing check to the City of Jackson, obtained a mandamus restraining order restraining Rex L. Wright, Tax Assessor, and other city officials “. . . from disposing in any way of the tax proceeds of the years 1968 and 1969 on the property herein referred to until a hearing. . . . ” When this matter was presented for hearing a motion was made by the City to require the petitioners to make Equity Services a party to the proceedings. When this was done, motion was made to request the Circuit Court to transfer the mandamus proceedings to the Chancery Court of Hinds County. The Circuit Court sustained this motion and the petitioners, Hamiltons, took a non-suit.
It must also be pointed out that prior to the sale of the property for taxes, the Hamiltons had placed two mortgages on their home. One of these mortgages was payable to First Federal Savings and Loan in the sum of $35,000.00, dated May 7, 1964. A second mortgage in the sum of $24,800.00 was made payable to C. H. Lake. Statutory notice was given to the lienhold-ers of the original sale of the property for city taxes, but no notice was given that Equity Services had paid the taxes for 1968 and 1969.
The Chancellor, after having heard the testimony, determined that the taxes due the City to redeem the property from the original tax sale were, in fact, paid to the City and were in the possession of the City Clerk. The Court was of the opinion that the City had no authority to permit Equity to pay the taxes due by the Hamil-tons for the years 1968 and 1969, but, since they were paid, the City could not collect the taxes again, for to do so would be double taxation. Moreover, the City had no authority to repay money intentionally paid for taxes by Equity. Since the Hamiltons were required to pay taxes for the years 1968 and 1969 and Equity is entitled to receive the money it paid for the taxes due by the Hamiltons, the Court invoked the doctrine of equitable subrogation allegedly contemplated by Section 9960 Mississippi Code 1942 Annotated (1952). The Chancery Court fixed a lien upon the property in favor of Equity for the 1968-1969 tax subject, however, to the outstanding recorded liens. The Court then directed that the City pay the money received for the original tax sale to Equity, but that the 1968-69 tax in its possession be returned to the Hamiltons.
The City has appealed from the decree of the Chancery Court because it is convinced that the City is required to collect not only the amount paid at the original tax sale, but also, the taxes paid by the purchaser for the following two years during the period of redemption. Equity has appealed and contends that its title to the property should be sustained because the money paid by the Hamiltons was not paid to the City Clerk and because the Hamiltons prevented the distribution of the money paid to the tax collector to Equity and the City Clerk. First Federal and Equity agreed that in any event the lien of First Federal would remain a first mortgage on the property.
The first issue to be determined is whether or not a property owner is required to repay the intervening taxes accruing between the date of the tax sale and the date of redemption when such taxes were paid by the original purchaser at the tax sale.
The appellees, Hamiltons, contend that Equity Services, who1 was the purchaser at the tax sale, had no right to pay the taxes becoming due on the property for the following two years and that in doing so Equity was a mere volunteer.
The pertinent parts of Section 3742-29, Mississippi Code 1942 Annotated (1956) are as follows:
“The owner, or any person for him with his consent, or any person interested in the land sold for taxes, shall have two (2) years from the date of sale in which to redeem such real property from such sale, redemption to be made by paying *204 the taxes, damages and costs, as provided by law for the redemption of land from tax sales; .... Upon such payment to the clerk of the municipality as hereinabove provided, he shall execute to the person redeeming the real property a release of all claim or title of the municipality or purchaser to such real property, which said release shall be attested by the seal of the municipality, and shall be entitled to be recorded without acknowledgment, as deeds are recorded; and which release when SO' executed and attested shall operate as a quitclaim on the part of the municipality or purchaser of any right or title under said tax sale.”
Section 3742-32, Mississippi Code 1942 Annotated (1956) requires, among other things, that:
“ . . . The list of lands so sold (for delinquent taxes) shall be filed with the municipal clerk, and there remain, subject to redemption for the same length of time and in the same manner as prescribed for the redemption of lands sold for State and county taxes, with the same saving to infants and persons of unsound mind.”
Section 9948, Mississippi Code 1942 Annotated (1952) provides the manner prescribed for the redemption of land sold for state and county taxes in the following language:
“The owner, or any persons for him with his consent, or any person interested in the land sold for taxes, may redeem the same, or any part of it, where it is separable by legal subdivisions of not less than forty acres, or any undivided interest in it, at any time within two years after the day of sale, by paying to the chancery clerk, regardless of the amount of the purchaser’s bid at the tax sale, the amount of all taxes for which the land was sold, with all costs incident to the sale, and five per centum damages on the amount of taxes for which the land was sold, and interest on all such taxes and costs at the rate of one per centum per month, or any fractional part thereof, from the date of such sale, and all taxes and costs that have accrued on the land since the sale, with interest thereon from the date such taxes shall have accrued, at the rate of one per centum per month, or any fractional part thereof; . . . . ”
Since the scheme for redeeming land sold for taxes set out in Section 3742-32, Mississippi Code 1942 Annotated (1956) is the same for the municipality as for land sold for state and county taxes, we must look to the method prescribed for the redeeming of land sold for state and county taxes in Section 9948, Mississippi Code 1942 Annotated (1952) above set forth. In the later section it is provided that the owner redeeming the land must pay the original tax for which the land was sold, together with interest, cost and damages, and, in addition, he must pay “. . . all taxes and costs that have accrued on the land since the sale, with interest thereon from the date such taxes shall have accrued.
It is clear, then, that the landowner must pay not only the taxes due for which the land was sold, but also, the taxes due after the sale. If the taxes became due the first year after the sale and they were not paid by anyone, the municipality would promptly sell the land for the taxes due that year. If the purchaser at the original sale became the highest bidder the second year, he would have to pay the additional cost of sale and, if the same default occurred the third year, the property owner would have to pay the cost of two additional tax sales.
In the instant case the Hamiltons contend that Equity Services was a volunteer in paying the taxes on their land after Equity purchased the land at a tax sale; because, it is said, Section 3742-29, Mississippi Code 1942 Annotated (1956) only permits the owner “ . . .or any person for him with his consent . . . ” to *205 pay taxes on the property of a landowner. The appellees have obviously overlooked the clause following the quoted part of the foregoing Code section wherein it is written “ . . . or any person interested in the land sold for taxes, shall . . redeem such real property. . . . ” But, it is said the taxes did not “accrue” inasmuch as they were paid by a volunteer.
Section 9935, Mississippi Code 1942 Annotated (1952) as amended by Chapter 361, Section 43, Laws of 1968, provides that when property is sold for taxes a list shall be made and that “ . . . All such lists shall vest in the State or in the individual purchaser thereof a perfect title to the land sold for taxes, but without the right of possession for the period of and subject to the right of redemption; . . . ” This section transferred the title to the purchaser, and he had a right to pay taxes on his land.
We have read the conclusions reached by a fine line of logical legal deductions, but we cannot agree with this theory, because it seems to us that this hypothesis is unreal. It is based upon the synthesis that taxes never accrue if they are finally paid. This is incorrect; taxes accrue and become due on or before the first day of February next succeeding the date of the assessment and levying of such taxes, although one-half of the taxes due may be paid in two equal installments at a later date. Section 9891, Mississippi Code 1942 Annotated (1952), as amended by Chapter 549, Section 9, Laws of 1958.
In the case of Erwin v. Lee, 118 Miss. 194, 79 So. 104 (1918) this Court said in a tax redemption case that:
“ . . . There is very naturally some confusion about the true interpretation of that portion of Section 4338, Code of 1906, making it the duty of the owner in redeeming to pay the clerk ‘all state and county taxes that have accrued on the land since the sale.’ This section must be construed in connection with our other revenue statutes, and when this is done we believe the legislative intent is clear. This statute means, and is bound to mean, that the owner, when redeeming, must pay the chancery clerk all taxes which have accrued on the land and which have been actually paid by the purchaser, and for which the official tax collector’s receipt has been issued.” 118 Miss, at 207, 79 So. at 105.
It is argued that the foregoing paragraph quoted from Lee, supra, is dicta and is no authority for our guidance here. Without stopping to comment on this postulate, we are of the opinion that the intent of the Legislature is clear. It simply means that the tax collector must collect the taxes paid by the purchaser for the taxes due for the following tax collecting years during the time when the landowner may redeem his land from a legal tax sale.
In the case of James v. Tax Investment Co., 206 Miss. 605, 40 So.2d 539 (1949), where this Court reversed the Chancery Court and cancelled a tax deed, we remanded the case to the Chancery Court and said:
“. ... [T]he cause is remanded for the sole purpose of an accounting by the lower court as to the amount necessary to be paid by appellants to redeem from the sale for 1943 taxes as well as the amount to be paid by them to reimburse appellees for the taxes, if any, which they have subsequently paid on the land in suit, for which, of course, the appellees shall have a lien as their interests may appear.” 206 Miss, at 620, 40 So.2d at 544.
We hold, therefore, that Equity, having purchased the land at a municipal tax sale, was not a volunteer and was interested in the land and had a right to protect its interest by paying the taxes as they became due on the property acquired at the tax sale. Moreover, it was the duty of the city tax collector to require *206 the repayment of the money advanced by Equity together with the statutory interest and damages from the redeeming landowner.
The next question presented is whether or not the landowner redeemed the property by paying the required amount demanded by the tax collector into the hands of the tax collector.
It is pointed out by Equity that Section 3742-29, Mississippi Code 1942 Annotated (1956) requires the landowner to pay the taxes due to the city clerk in the following language:
“ . . . [A]ny person interested in the land sold for taxes, shall have two (2) years from the date of sale in which to redeem such real property from such sale, . . . Upon such payment to the clerk of the municipality as herein-above provided, ...”
It is then argued that payment of taxes to redeem land to the City Tax Collector does not comply with the statute, Section 3742-29, supra, and is not effective to redeem the land sold for taxes.
As we have previously mentioned, Section 3742-29, supra, is based upon the general tax law of Mississippi for the redemption of property sold for taxes as stated in that section. The general law for the redemption of lands sold for taxes is Section 9948, Mississippi Code 1942 Annotated (1952). This Code section was enacted in response to the constitutional mandate expressed in Section 79, Mississippi Constitution 1890, which is in the following language:
“Section 79. The legislature shall provide by law for the sale of all delinquent tax lands. The courts shall apply the same liberal principles in favor of such titles as in sale by execution. The right of redemption from all sales of real estate, for the nonpayment of taxes or special assessments, of any and every character whatsoever, shall exist, on conditions to be prescribed by law, in favor of owners and persons interested in such real estate, for a period of not less than two years.”
In accordance with the mandate of the Mississippi Constitution the courts of this state have always considered that the right of a landowner to redeem land sold for taxes was a matter of public policy (Carmadelle v. Custin, Miss., 208 So.2d 51 [1968]); and that the statutes allowing land to be redeemed from the sales should be liberally construed in favor of persons seeking to redeem land from a tax sale. James v. Tax Investment Co., supra; McNatt v. Hyman, 204 Miss. 824, 38 So.2d 107 (1948); Beauchamp v. McLauchlin, 200 Miss. 83, 25 So.2d 771 (1946); Kelly v. Coker, 197 Miss. 131, 19 So.2d 519 (1944); McLain v. Meletio, 166 Miss. 1, 147 So. 878 (1933); Darrington v. Rose, 128 Miss. 16, 90 So. 632 (1922). We held in James v. Tax Investment Co., supra, that where the landowner made an effort to redeem her land and failed to pay all taxes due, this Court would set aside a tax deed to her property.
In the instant case the tax collector wrote a letter to the landowner demanding payment of $2,395.30 as being the amount required to redeem the property. This amount was paid on March 27, 1970, and deposited in the tax collector’s account, whereupon a tax redemption receipt was issued by the City of Jackson to the landowner. The City Clerk marked the tax list showing that the property was redeemed.
We are of the opinion that the property was redeemed from the tax sale. We are fortified in this conclusion by the fact that the notice sent out to property owners to redeem land sold for taxes directs the landowners to redeem their land at the office of the tax collector. The tax collector of the City of Jackson is obviously acting for the City Clerk with the knowledge and consent of the City of Jackson.
*207 The argument that the tax collector was wrongfully enjoined from distributing the taxes paid by the landowner until after the tax title matured in the tax sale purchaser, is not well taken, because, although the order of the Circuit court prevented the distribution of the funds to Equity, all that was due for taxes and damages was paid and was in the hands of the City before the time expired for tax sale redemption.
We are of the opinion that attorneys’ fees are not allowable in this case, because before attorneys’ fees could be allowed in such a suit, it must be shown that the suit was instituted through aggravation or malice.
In Kalmia Realty & Ins. Co. v. Hopkins, 163 Miss. 556, 566, 141 So. 903, 904 (1932), this Court said:
“ . . . It is the general rule in this state that attorneys’ fees are not recoverable as a part of damages, unless the wrong or injury complained of is connected with some circumstance of aggravation or malice, or in other words, that attorneys’ fees can be awarded only in cases in which exemplary damages are recoverable.”
We also said:
“ . . . We do not think the proper construction of those statutes is so manifest or free from doubt as to render one guilty of a willful or malicious wrong, or negligence so gross as to show a reckless disregard of consequences, who acted upon the advice of counsel to the effect that the lien of the judgment was superior to the rights of purchasers subsequent to the rendition of the judgment. ...” 163 Miss, at 566-567, 141 So. at 904.
We have pointed out that:
“ . . . The rule in this state is that, in the absence of statute, attorney’s fees are not recoverable, unless the facts are of such gross or willful wrong as to justify the infliction of punitive damages. . ” Cooper v. United States Fidelity & Guaranty Co., 186 Miss. 116, at 122, 188 So. 6, at 7 (1939).
Moreover, punitive damages will not ordinarily be assessed in courts of equity in this state. Monsanto v. Cochran, 254 Miss. 399, 180 So.2d 624 (1965).
The statutes with reference to the payment of taxes due after the tax sale was said to be unclear (Erwin v. Lee, 118 Miss. 194, 79 So. 104 [1918]) and we cannot say the Hamiltons acted with malice in bringing their petition for mandamus to prevent the City from disbursing the taxes paid by Equity for the years 1968 and 1969. Equity is, therefore, not entitled to an attorney’s fee which accrued because of its defense to the proceedings.
It was said in 39 A.L.R. 1219 (1925) in quoting from Kolka v. Jones, 6 N.D. 461, 71 N.W. 558, 66 Am.St.Rep. 615 (1897) that:
“ . . . ‘It is the policy of the law not to throw around the right of the citizen to appeal to the courts for redress such risks that fear of the possible consequences will deter him from asserting a claim he honestly deems himself entitled to enforce. In ordinary cases the injury a defendant suffers, beyond the slight indemnity which statutory costs afford him, is one of the many inevitable burdens which men must sustain under civil government.’ ”
“Expressions to the same effect may be found in Eastin v. Bank of Stockton (1884) 66 Cal. 123, 56 Am.Rep. 77, 4 Pac. 1106; Smith v. Michigan Buggy Co. (1898) 175 Ill. 619, 67 Am.St.Rep. 242, 51 N.E. 569; Potts v. Imlay (1816) 4 N.J.L. 377, 7 Am.Dec. 603; and Salado College v. Davis (1877) 47 Tex. 131.”
See also 22 Am.Jur.2d Damages, § 168, p. 237.
We hold, therefore, that the City of Jackson properly required the landowners, *208 the Hamiltons, to pay the taxes and interest on the taxes paid by Equity for the years 1968 and 1969, as well as the taxes, interest, damages and cost paid by Equity as a result of the tax sale.
We also hold that the land here involved was properly redeemed from the tax sale by the Hamiltons, and Equity’s claim under the tax sale was properly cancelled. We reverse the decree of the Chancery Court wherein it held that the City of Jackson was required to pay back to the Hamiltons the taxes paid by them. We also hold that the Hamiltons were not required to pay an additional sum to the City after they had redeemed the property. The money paid by the Hamiltons to redeem their property from the tax sale belongs to Equity Services Company. The cost of the suit will be divided equally between the Hamiltons (Robert B. Hamilton and Mrs. Virginia Hamilton) and Equity Services Company.
Reversed and rendered.
JONES, BRADY, INZER and SUGG, JJ., concur.