## LEWIS v. JEFFERSON et al.

(Division B.   May 20, 1935.   Suggestion of Error Overruled Sept. 16, 1935.)

[161 So. 669.   No. 31685.]

J. N. Yawn, of Brookhaven, and G. Wood Magee, of Monticello, for appellant.

Rawls & Hathorn, of Columbia, for appellees.

**Griffith, J.,** delivered the opinion of the court.

Joe Lewis, the husband of appellant, died on September 11, 1931, intestate. Lewis was a soldier in the World War, and at his death there was due to him the sum of two hundred ninety-nine dollars and eighty-three cents as a disability allowance from the federal government. Soon after the death of Lewis, his sister, Cora Jefferson, appellee here, applied for and was granted letters of administration. In the petition for the letters it was averred that the deceased left no children

and that the wife of the deceased was absent and had not been heard from for some time.

After the money had been collected by the administratrix, she filed a report and final account, in which she undertook to set out the names and addresses of a number of supposed distributees of the estate, being several of the relatives of the decedent, and in this report and final account appellant, Gussie Lewis, was included as the wife of the decedent, her post office address being given, and to whom it was averred there would be due, as a distributee, an amount equal to a one-sixth undivided interest. A final decree was subsequently entered authorizing the administratrix to make distribution accordingly.

Within two years thereafter, appellant filed her petition under section 1744, Code 1930, to review and correct the previous proceedings. The administratrix and her bondsmen only were made parties defendant to this petition. The respondents demurred to the petition because the various persons to whom distribution was made were not joined as parties; the demurrer was sustained; petitioner declined to amend; and her petition was dismissed.

In De Baum v. Hulett Undertaking Co., 169 Miss. 488, 153 So. 513, we held that the sums due under the federal acts to war veterans descend as provided by those acts, and, in the absence thereof, then according to our own statutes of descent and distribution. There is no suggestion by appellees in contravention of the asserted claim by appellant that under both the federal and state statutes the money involved in this matter went to the widow as the sole distributee; there being no children. And, when the administratrix, knowing that the widow was alive, distributed the property to those other than the widow, it was as if the administratrix had given the same away to the first persons whom she happened to meet on the street.

It is true that the rule is that all persons who are materially interested legally or equitably in the subject-matter of a suit ought to be made parties therein. The converse is equally true that persons who have no legal or equitable interest or right in the subject-matter are not to be made parties. The administratrix, as shown by her sworn petition and report above mentioned, was not in ignorance of the controlling facts; and the persons to whom she made distribution in this matter had no sort of legal or equitable right thereto or therein; they are utter strangers to this estate, mere intruders, so far as concerns any of the rights of the petitioner; and therefore the petitioner ought not to be saddled with the burden of bringing them in as parties or otherwise. Petitioner is entitled, under the facts so far as disclosed by the present record, to look solely to the administratrix and her bond. It was error to sustain the demurrer.

Reversed and remanded.