## Moyse *v.* Laughlin *et al.*

(Division B.   Jan. 18, 1937.)

[171 So. 784.   No. 32482.]

**Ernest Kellner** and **D. S. Strauss,** both of Greenville, for appellant.

**Wm. I. McKay** and **Leonard E. Nelson,** both of Vicksburg, for appellees.

754

**Anderson, J.,** delivered the opinion of the court.

The principal question involved in this case is whether or not under the World War Veterans' Act, and amend-

ments thereto (chapter 320, secs. 1, 3, 300, 303, 43 Stat. 607, 624, 625, chapter 723, sec. 14, 44 Stat. 798, chapter 875, sec. 13, 45 Stat. 967, chapter 863, sec. 1, 46 Stat. 1016, Title 38 U. S. C. A., secs. 421, 424, 511, and 514), construed in connection with the laws of descent and distribution of this state, an unadopted, illegitimate child is an heir.

William F. Laughlin, as administrator de bonis non of the estate of Wesley Cooper, deceased, and Mimie Cooper, the widow of the latter, filed their bill in the chancery court of Washington county against M. M. Moyse, guardian of Dollie Bessie Cooper Jackson, a minor, and the guardian individually to recover the sum of one thousand dollars theretofore paid to the guardian by R. L. Jayne, the former administrator of the estate of the decedent, Wesley Cooper. A trial was had on bill, answers, and agreed facts. Pending the appeal, the guardian, M. M. Moyse, died, and Sidney L. Moyse was appointed administrator of his estate. A decree was rendered in favor of Laughlin, administrator of Cooper's estate against M. M. Moyse, guardian, for the one thousand dollars, but denying relief against him individually. From that decree the administrator of the guardian appeals, and the administrator of Cooper, the deceased, prosecutes a cross-appeal.

Wesley Cooper, the deceased, was a World War veteran. He died intestate on March 21, 1919, and left surviving him his mother, Alice Cooper, his lawful widow, Mimie Cooper, and an illegitimate child, Dollie Bessie Cooper, since married, Jackson. At his death he held a World War veteran's insurance policy in the sum of ten thousand dollars, in which his mother, Alice Cooper, was named as beneficiary. The latter drew the monthly installments due under the policy until her death, which occurred on February 28, 1929. In November, 1932, R. L. Jayne qualified as administrator of the estate of Wesley Cooper and collected from the Veterans' Adminis-

tration, as a part of his estate, the commuted sum of five thousand eight hundred forty-seven dollars, the value of the unpaid monthly installments provided by the policy. Conceiving that the illegitimate child was entitled to inherit as if legitimate, R. L. Jayne paid over to M. M. Moyse, her guardian, the sum of one thousand dollars of the commuted insurance. This payment was made without the knowledge or consent of Mimie Cooper, the widow of the deceased.

The illegitimate child was never adopted by Wesley Cooper as provided by section 358, Code of 1930. His wife was not her mother. Her mother was another woman, whom her father never married. In 1918, while in the Army, Wesley Cooper obtained an allotment for the child; in order to do so, he declared in writing that she was his illegitimate child. It is contended that this fact, under the World War Veterans' Act, made the child a lawful heir. Undoubtedly under chapter 320, secs. 3, 300, 43 Stat. 607 and 624, and amendments thereto, Title 38 U. S. C. A., secs. 424 and 411, she was made eligible to be named as a beneficiary in the insurance policy. It is therein provided that the insurance shall be payable "only to a spouse, child, grandchild, parent, brother, sister, uncle, aunt, nephew, niece, brother-in-law or sister-in-law, or to any or all of them," and that the term "child" includes an illegitimate child, but as to the father only, if acknowledged in writing signed by him, or if he has been judicially decreed to contribute to such child's support, or has been judicially decreed to be the putative father of such child. The act neither by its express language nor by necessary implication makes the illegitimate child, so acknowledged by the father, his lawful heir.

Chapter 320, sec. 303, 43 Stat. 625, chapter 553, sec. 14, 43 Stat. 1310, Title 38 U. S. C. A., sec. 514, provides, among other things, that, where the designated beneficiary in the policy survives the insured and dies prior

to receiving all of the two hundred and forty install-
ments provided for by the policy, "there shall be paid
to the estate of the insured the present value of the
monthly installments thereafter payable, said value to
be computed as of date of last payment made under any
existing award."

Under the laws of descent and distribution of this
state, on the death of the husband intestate, without
children or descendants of children, his widow inherits
his entire estate. Section 1404, Code 1930. In Williams
v. Eason, 148 Miss. 446, 114 So. 338, 55 A. L. R. 574,
the court held that the World War Veterans' Act of
1924 and the amendments thereto were not in conflict
with the laws of descent and distribution of this state,
and that the unpaid installments on a policy of the char-
acter here involved descended to the sole surviving heir
of the insured. Although not directly in point, De-
Baum v. Hulett Undertaking Co., 169 Miss. 488, 153 So.
513, and Lewis v. Jefferson, 173 Miss. 657, 161 So. 669,
support the principle laid down in the Williams Case.
And Singleton v. Cheek, 284 U. S. 493, 52 S. Ct. 257,
259, 76 L. Ed. 419, 81 A. L. R. 923, although not in point
on its facts, holds that all installments of such a policy,
whether accruing before the death of the insured or
after the death of the beneficiary named in the policy,
become assets of the estate of the insured as of the time
of his death "to be distributed to the heirs of the in-
sured in accordance with the intestacy laws of the state
of his residence, such heirs to be determined as of the
date of his death, and not as of the date of the death of
the beneficiary."

There is no conflict between the federal statute and
the laws of descent and distribution of this state. The
federal statute simply makes an illegitimate child, un-
der the conditions therein named, a permitted benefici-
ary in the policy of insurance; it does not undertake to
make such child an heir to the estate.

The chancellor in his decree dismissed the bill so far as the individual liability of the guardian was concerned. This was error. Having received money to which he was not entitled as guardian, he is liable therefor as an individual. Clayton v. Boyce, 62 Miss. 390; Smith v. Jeffreys (Miss.), 16 So. 377. We express no opinion as to liability of the guardian in his representative capacity on his official bond; the bond was not sued on.

Affirmed on direct appeal, and reversed and remanded on cross-appeal.