## NATIONAL SURETY CORPORATION *v.* LAUGHLIN.

(Division A.   Feb. 22, 1937.   Suggestion of Error Overruled May 22, 1937.)

[172 So. 490.   No. 32180.]

500

Butler & Snow, of Jackson, **M. N. Thayer** and **Roy H. Callahan,** both of New York City, for appellant, National Surety Corporation.

**Wm. I. McKay**, of Vicksburg, for Administrator de bonis non.

Leonard E. Nelson, of Vicksburg, for Mimie Cooper.

**D. S. Strauss,** of Greenville, for United States Fidelity & Guaranty Company.

Argued orally by **Roy H. Callahan,** for appellant, and by **Wm. I. McKay** and **Leonard E. Nelson,** for appellees.

**Cook, J.,** delivered the opinion of the court.

On September 20, 1932, R. L. Jayne was appointed administrator of the estate of Wesley Cooper, deceased, and the National Surety Company became surety on his bond in the sum of $6,000. On or about November 14, 1933, as administrator, Jayne received $5,847, the proceeds of a war risk insurance policy on the life of the said Wesley Cooper, deceased. Without an order of the court, or lawful authority, the entire $5,847, with the exception of $152.51, was disbursed by Jayne prior to April 29, 1933, and subsequent to that date the balance, except 4 cents, was disbursed by him. The evidence herein shows that disbursements of $50.20 were proper charges against the estate; that $1,100, was paid to each of the three sisters of the deceased, and $1,000 was paid to the guardian of an illegitimate child of the deceased, with the consent of the said sisters. The balance of the expenditures were not traced or accounted for.

On September 7, 1933, the following duly attested and countersigned assumption of liability certificate was filed in the administration proceedings, and approved by the clerk of the court:

"National Surety Corporation

"Assumption of Liability Certificate.

"To be Attached to Bond No. 4505348—executed by National Surety Company effective on or about the 14th day of September, 1932, on behalf of Robert Lowry Jayne, Administrator in the amount of six thousand ($6,000) dollars covering Estate of Wesley Cooper, deceased, filed in Chancery Ct. Washington Co. Miss.

"This certifies that, for a valuable consideration, National Surety Corporation has assumed liability for losses arising from or caused by acts committed on and after May 1st, 1933, under the above designated bond of National Surety Company; provided, however, that the liability hereby assumed by National Surety Corporation under the bond of National Surety Company shall

be deemed and held to be decreased by the aggregate amount of losses arising from or caused by acts committed prior to May 1st, 1933.

"In witness whereof, the corporation has caused this instrument to be signed by its President, attested by its Secretary, and countersigned by its authorized representative this 20th day of May, 1933.

"National Surety Corporation

"By C. M. Allen, President [Seal]"

. On April 5, 1934, on petition of Margaret C. Wilson, Dora C. Spates, and Bessie C. Hillery, the aforesaid sisters of the deceased, the said R. L. Jayne was removed as administrator of the said estate, and the said Bessie C. Hillery was appointed administratrix de bonis non, with the United States Fidelity & Guaranty Company as surety on her bond, in the penal sum of $1,500, and she thereupon filed the original bill in this cause against R. L. Jayne, the National Surety Company, and the National Surety Corporation. The bill alleged that while the said Jayne was acting as administrator of said estate, the National Surety Company became insolvent and ceased to do business, and the administrator's bond executed by it became insufficient; that thereupon the said Jayne executed a new bond with the National Surety Corporation as surety thereon; and that by virtue of the statutes of this state, upon the execution of said new bond, the National Surety Corporation, surety thereon, became and was liable for all liabilities of its principal, past as well as future. The bill further alleged the receipt of the sum of $5,847 by Jayne as administrator, the disbursement of $1,000 to each of the three sisters of the deceased, and $1,000 to his illegitimate child, and the misappropriation by Jayne of the remaining $1,847. The bill further set forth the facts in reference to the citation of said Jayne, his failure to account for the disbursements of the balance of $1847.00, and prayed for a decree against the defendants for said sum.

Separate answers to this bill were filed by Jayne and

the National Surety Corporation, and thereafter the original bill was amended by making Margaret C. Wilson and Dora C. Spates, sisters of the deceased, and the guardian of Dollie Bessie Cooper, the illegitimate daughter of deceased, defendants thereto. The amendment alleged that the complainant and the said new defendants were in fact all of the lawful heirs and distributees of said estate; but that if the said Dollie Bessie Cooper should be held to be the legitimate daughter of the deceased, then she was the sole heir of the deceased and sole distributee of his said estate, and that the complainant in her personal capacity and her two sisters, defendants thereto, would each be liable to complainant for the restoration of the $1,000 received by them. The amended bill prayed that the court determine whether the said Dollie Bessie Cooper was the legitimate daughter of the deceased, and that in the event it should be determined that she was his legitimate daughter and entitled to all of the estate, that the complainant be awarded a personal decree against the said Jayne and his sureties for the $3,000 previously distributed to the sisters of the deceased; against the complainant in her personal capacity, and against her two sisters for the $1,000 distributed to each of them.

The amended bill of complaint was again amended by making Mimie Cooper, a resident of Detroit, Michigan, a defendant thereto, and charging upon information that the said Mimie Cooper claimed to be the lawful widow and sole heir at law of the deceased, and praying for process for the said Mimie Cooper requiring her to answer, asserting her claim, if any, as the only heir of deceased, and for a decree against Jayne and the sureties for the entire amount of $5,847, in the event it should be held that the defendant Mimie Cooper was the sole heir of the deceased.

After the last above-mentioned amendment of the bill of complaint, upon the petition of the defendant Mimie Cooper, claiming to be the lawful widow of the deceased,

and William F. Laughlin, the said Bessie C. Hillery was removed as administratrix de bonis non, and the said William F. Laughlin was appointed in her stead, and was substituted as complainant in the suit then pending. The said William F. Laughlin as administrator de bonis non afterwards amended the bill of complaint herein by making the said Bessie C. Hillery and the United States Fidelity & Guaranty Company, surety on her bond, as administratrix de bonis non, defendants therein. This amended bill charged that the said Mimie Cooper was the lawful widow and sole heir at law of the deceased, and as such was the sole distributee of his estate; that the said Margaret C. Wilson, Dora C. Spates, and Bessie C. Hillery had invested the $1,000 which each of them had wrongfully and unlawfully received from said estate, in erecting houses on certain particularly described land in the City of Greenville; that each of them was a trustee of said sum so wrongfully received; and that a lien should be impressed upon the real estate in which said funds had been invested, for the repayment thereof. The bill further alleged that the United States Fidelity & Guaranty Company, surety on the bond of Bessie C. Hillery, was liable to restore the $1,000 which she received and claimed as a purported heir at law of the deceased, and prayed that the court adjudge Mimie Cooper to be the lawful widow and sole heir at law of the deceased; that a personal money decree be entered in favor of complainant, for her use and benefit, for the principal sum of $5,-847 against R. L. Jayne, the National Surety Company, and the National Surety Corporation; that a decree be rendered against the defendant Margaret C. Wilson, Dora C. Spates, and Dollie Bessie Cooper, and also against Bessie C. Hillery and her surety, the United States Fidelity & Guaranty Company for $1,000 each; and that a lien be impressed upon certain particularly described property belonging to the said Margaret C. Wilson, Dora C. Spates, and Bessie C. Hillery, in which the alleged trust funds had been invested by them.

The defendant Mimie Cooper answered the bill and made her answer a cross-bill in which she adopted the averments of the original bill as finally amended, and set forth in detail the facts as to her marriage and heirship, and charged that, with full knowledge of her marriage to the said Wesley Cooper and of the illegitimacy of Dollie Bessie Cooper, the said sisters of the deceased and his illegitimate daughter and her guardian entered into a conspiracy to defraud the cross-complainant of her rights as the sole heir and distributee of the estate, and by fraud, deceit, and misrepresentation secured the payment to each of them of the sum of $1,000 of estate funds; that they were trustees of the funds so received, for the use and benefit of the cross-complainant; that these cross-defendants should be required to repay the sum so unlawfully received, and in default thereof that a paramount lien should be enforced against the property in which the funds had been invested. It was further alleged that at the time the cross-defendant Hillery became administratrix de bonis non, and executed a bond with the United States Fidelity & Guaranty Company as surety, the said Hillery and her two sisters, and the minor and her guardian, were solvent and able to pay said indebtedness, which constituted an asset of the estate, and that by reason of the neglect and failure of said Hillery to collect the indebtedness due by these several parties her surety became and was liable for the indebtedness to the extent of the penalty of its bond.

The several defendants filed answer to the original bill as finally amended and to the cross-bill of Mimie Cooper. In its answer the National Surety Corporation denied that Jayne as administrator executed a new bond with it as surety, and denied that the above-quoted assumption of liability certificate constituted a new bond which imposed liability on it for past devestavits of said estate. It averred that the original surety, the National Surety Company, a corporation domiciled in the State of New York, became insolvent on and prior to April 29,

1933, and that under proper authority, the superintendent of insurance of the State of New York took possession of said company for the purpose of rehabilitation; that in pursuance of a plan of rehabilitation, the National Surety Corporation was organized, and by contract between it and the superintendent of insurance of New York certain assets of the National Surety Company were transferred to the National Surety Corporation, and it assumed certain liabilities of the old company; that this contract as amended expressly excluded "Liability for losses arising from, or caused by, acts committed prior to May 1, 1933, under fiduciary court bonds covering risks involving estates held or administered by persons or corporations acting in a fiduciary or trust capacity." It was further averred that this contract was executed in accordance with the statutes of the State of New York, and under the authority and with the approval of the courts of that state, and that it was a New York contract and should be construed according to the laws of New York.

The United States Fidelity & Guaranty Company interposed demurrers to both the amended bill, and cross-bill of Mimie Cooper, which were sustained, and from the decree sustaining these demurrers and dismissing the bills as to the United States Fidelity & Guaranty Company, appeals were prosecuted.

Prior to the hearing, by agreement, the cause was nonsuited as to the guardian M. M. Moyse and his ward, Dollie Bessie Cooper, under a stipulation that the then status of the guardianship funds should be maintained, and that any recovery by either the complainant or cross-complainant should be held intact until the relative rights of said cross-complainant and Dollie Bessie Cooper had been adjudicated.

Upon the hearing of the cause the court entered a decree adjudging that the said Mimie Cooper was the lawful widow of Wesley Cooper, deceased, and a decree for $5,847 with legal interest was entered against R. L.

Jayne and the National Surety Corporation in favor of the complainant, for the use and benefit of the said widow, and any other lawful distributees of the estate, and also in favor of said widow on her cross-bill. The decree also awarded a recovery against the defendants Dora C. Spates, Margaret C. Wilson, and Bessie C. Hillery, for the amount received by each of them from the estate; impressed a lien upon certain property in which they had invested the funds; and adjudged the equities between the various parties who were held to be entitled to subrogation under the pleadings—from all of which there has been no appeal. The decree directed that the complainant and cross-complainant, Mimie Cooper, should hold and maintain intact and undistributed all funds received by virtue of the decree until the claim of Dollie Bessie Cooper, illegitimate daughter of the deceased, had been finally determined. From this decree the National Surety Corporation has appealed.

It may be noted in passing that in a separate proceeding, Moyse, Guardian, v. Laughlin, Administrator de bonis non (Miss.), 171 So. 784, it was held that Dollie Bessie Cooper, the illegitimate child of Wesley Cooper, deceased, is not entitled to share in the distribution of the decedent's estate.

The court below excluded from the evidence the original assumption of liability agreement entered into by and between the Superintendent of Insurance of New York and the National Surety Corporation on April 29, 1933, as amended on May 4, 1933, which expressly excluded "liability for losses arising from, or caused by, acts committed prior to May 1, 1933, under fiduciary court bonds covering risks involving estates held or administered by persons or corporations acting in a fiduciary or trust capacity;" but under our view of the legal effect of the assumption of liability certificate sued on in this cause the exclusion of this evidence becomes immaterial.

On the face of the assumption of liability certificate attached to the original bond of the National Surety

Company, and made the basis of this action against the National Surety Corporation, the latter corporation assumed liability only for losses under the original bond which arose from, or were caused by, acts committed on or after May 1, 1933, but the appellees contend that by virtue of section 1747, Mississippi Code of 1930, upon the filing of this assumption of liability certificate, the National Surety Corporation became liable for past as well as future breaches of the bond. In other words, it is contended that the assumption of liability certificate was a new and additional bond or undertaking, which by virtue of our statute bound the obligor, the National Surety Corporation, for past as well as future liabilities.

The statute upon which appellees rely in support of this contention, and which would undoubtedly impose liability upon the National Surety Corporation if the assumption of liability certificate should be held to be a new bond filed in this administration proceeding, is section 1747, Code of 1930, which reads as follows: ''If the bond of an executor or an administrator, whether taken at the time of the grant of letters or afterwards, be insufficient, the court or chancellor or clerk may, on five days' notice to the executor or administrator, require him to give a new bond, and in default thereof the letters shall be revoked and administration de bonis non granted to some competent person; but if such new bond be given, it shall be cumulative security, and shall bind the obligors therein for past as well as future liabilities.''

We do not think this assumption of liability certificate can be, in any proper sense, construed as a new bond executed in this administration proceeding. It is a mere written evidence of the fact that the National Surety Corporation had previously assumed liability for losses accruing under the original bond after a fixed date. At most, it can be only a limited assumption of liability, upon which the statute does not operate to enlarge its terms so as to include liabilities not contemplated upon the execution thereof. If the appellant had in fact, either

under an order of the court requiring a new bond or voluntarily executed a new bond, our statute would have fixed the status thereof as cumulative security, and as binding the obligors therein for past as well as future liabilities; but since, in our opinion, the assumption of liability certificate is merely evidence of a limited assumption of liability, there is no liability against the appellant except for devastavits occurring after May 1, 1933. The evidence discloses that R. L. Jayne, administrator, wrongfully disbursed $152.51 after the 1st of May, 1933, and the appellant is liable for this sum only. Consequently the decree of the court below will be reversed as to the appellant, National Surety Corporation, and a decree will be entered here against it for the sum of $152.51.

As to the appeal of Mimie Cooper from the decree sustaining the demurrer to her cross-bill, we think it must be reversed and the cause remanded. The cross-bill alleged, and the demurrer admitted, that the said Mimie Cooper was the sole heir at law of the deceased, and the sole distributee of his estate; and an administrator's bond inures to the benefit of the heirs and distributees, and they may sue for any injury resulting from a breach of said bond. 24 C. J. 1082; Rives v. Patty, 43 Miss. 338.

The cross-bill alleged that the cross-defendants, Margaret C. Wilson, Dora C. Spates, Bessie C. Hillery, sisters of the decedent, and Dollie Bessie Cooper and her guardian, with full knowledge of the facts as to the proper heirs at law of the decedent, unlawfully conspired together to defraud and defeat the cross-complainant of her right to the assets of said estate, and that by fraud and deceit they induced and procured an agreement whereby and whereunder R. L. Jayne, as administrator unlawfully and illegally paid to the said cross-defendants, and they unlawfully and illegally received, the sum of $1,000 each from the estate; that upon the appointment of Bessie C. Hillery as administratrix de bonis non

it became and was her duty to collect these assets which were then in the hands of said cross-defendants; and that by virtue of her neglect and failure so to do, her surety became liable for the payment of said indebtedness to the extent of the penalty of its bond.

When the original administrator paid the funds of the estate to these cross-defendants, there immediately arose a cause of action in his favor to recover the funds so unlawfully paid out, and furthermore these unauthorized payments passed no title to the said cross-defendants and did not constitute an administration of said assets. 24 C. J. 1153. Section 1633, Code of 1930, provides that an administrator de bonis non shall be entitled to all choses in action taken or held by any former executor or administrator, and may institute suits therefor, and the right of action in favor of the original administrator herein to recover the funds wrongfully and unlawfully paid to the cross-defendants passed to the administratrix de bonis non upon her appointment, and it was her right and duty to recover said funds. 24 C. J. 1153; Forniquet v. Forstall, 34 Miss. 87. The cross-bill charged, and the demurrer admitted, that when the said Bessie C. Hillery became administratrix de bonis non, the $4,000 unlawfully and fraudulently paid to the said cross-defendants was held by them as debtors or trustees maleficio; that the cross-defendants were then solvent and able to restore or repay said sum; and that the said administratrix negligently failed to collect said funds. The failure of an administrator to collect assets of the estate so far as possible by the exercise of good faith and due diligence is a breach of the administrator's bond, and the cross-complainant, Mimie Cooper, as the sole and only heir at law of deceased and sole distributee of his estate, was entitled to maintain suit for such breach, and recover the amount of any loss resulting from such breach.

While under the terms of section 1633, Code of 1930, an administrator de bonis non is entitled to all choses in

action taken or held by a former administrator, and may maintain suit therefor, he may sue on the bond of a former administrator only in case the estate is insolvent, or where suit and recovery may be necessary for the payment of the debts of the estate. It is not alleged that the said estate is insolvent or that any recovery is necessary for the payment of debts, and we think the demurrer of the United States Fidelity & Guaranty Company to the amended bill of Laughlin, administrator de bonis non, was properly sustained, and upon the appeal of said administrator the decree of the court below will be affirmed.

Affirmed in part, reversed in part, and modified decree entered.