COOPER v. UNITED STATES FIDELITY & GUARANTY CO. *et al.*

(Division A. April 17, 1939.)

[188 So. 6. No. 33656.]

Leonard E. Nelson, of Vicksburg, for appellant.

**D. S. Strauss,** of Greenville, for appellee.

**Griffith, J.**, delivered the opinion of the court.

This is the fourth appearance of the same matter, in various aspects, in this Court, and we refer to the opinions in two of those appeals for a fuller statement of the material facts. National Surety Corp. v. Laughlin, 178 Miss. 499, 172 So. 490, and Moyse v. Laughlin, 177 Miss. 751, 171 So. 784.

Jayne was the original administrator. He was removed and Bessie C. Hillery was appointed to succeed him. Later she was removed and Laughlin was appointed. As a result of the litigations conducted by the last administrator, everything was recovered that could be recovered from the four parties to whom Jayne had improperly paid part of the insurance money. Subsequently this suit was brought against Hillery and her surety seeking a further recovery, including the attorney's fees expended by the widow in the prior litigations. This suit is bottomed upon the allegation that had Hillery properly accounted as to herself, and sued as to the three other parties, during her administration, these debts could have been then recovered, and without the expense to appellant later incurred by her.

When the assets received by an administrator consists of choses in action, the utmost for which the sureties of the administrator can be held liable, as respects such assets, is the amount thereof which could have been collected by the administrator in the exercise of a reasonable diligence, and which, as a proximate result of the want of diligence, was afterwards lost to the estate. National Surety Corp. v. Laughlin, supra; Aetna Indemnity Co. v. State, 101 Miss. 703, 722, 57 So. 980, 39 L. R. A. (N. S.) 961. The proof here shows that the full amount due the

estate by the guardian of the illegitimate was collected with interest by the last administrator, and that he collected also from Hillery's two sisters everything which Hillery could have collected from them during her term. And as to Hillery, when she became administratrix, all she had left of the money which had been paid to her was what she had put into a piece of real property jointly with her sisters, and she had no other property or means besides. The successor administrator obtained the proceeds of that property and that is all that Hillery could in final effect have done, so far as the record now before us shows.

Had Hillery, during her administration, turned over to the estate her undivided interest in the real property, as in point of law she ought to have done, it might to some extent have reduced the court costs subsequently expended; but there is nothing in this record upon which a dependable decree could be based as regards the probable extent that the court costs would thereby have been so reduced. We cannot fix an arbitrary portion at one-third of the costs, or at some other arbitrary percentage, for it would be only a guess whether the arbitrary figure would or would not be correct; and thus we do not reach the point that the far greater part of the costs is not competently proved.

This leaves only the contention by appellant that she is entitled to recover the attorney's fees expended by her in the previous litigations. The rule in this state is that, in the absence of statute, attorney's fees are not recoverable, unless the facts are of such gross or willful wrong as to justify the infliction of punitive damages. Yazoo & M. V. Railroad Co. v. Ice & Power Co., 109 Miss. 43, 67 So. 657; Kalmia Realty & Ins. Co. v. Hopkins, 163 Miss. 556, 566, 141 So. 903. The statutes allow fees to the attorney for the administrator, but these, when properly rendered, are paid out of the estate. We think it better not to engraft exceptions upon the rule as hereinabove stated.

Although Hillery knew when she received this money and so knew during the subsequent period of her ad-

ministration that the widow was alive and in point of law knew, therefore, that the widow was the sole distributee, this does not prove that Hillery knew or realized in point of fact that she and her sisters were not entitled to the one-fifth distributive share each in the insurance money. At the time they received the money they were advised by the original administrator, who paid it to them and who was an attorney, that they were so entitled, and even the chancellor, although of another district, was of that opinion in Lewis v. Jefferson, 173 Miss. 657, 161 So. 669. The case is not one for punitive damages, and therefore not one for the allowance of attorney's fees, —leaving aside the general rule that sureties are not liable for or in respect to exemplary or punitive damages. 17 C. J., p. 988, citing, among others, Lizana v. State, 109 Miss. 464, 469, 69 So. 292.

Affirmed.