275 So.2d 863 (1973)
Everate W. DEDEAUX
v.
Dennis DAURO, Sr.
No. 47057.
Supreme Court of Mississippi.
April 2, 1973.
Strickland & Clark, Gulfport, for appellant.
Breland & Barnett, Gulfport, for appellee.
GILLESPIE, Chief Justice:
Everate W. Dedeaux (Dedeaux) filed suit in the Chancery Court of Harrison County, Mississippi, against Dennis Dauro, Sr., (Dauro) to enjoin the defendant from constructing and operating an automobile body repair shop on property owned by Dauro located directly across the road from Dedeaux's home. It was charged that the automobile body shop was a public nuisance and its operation should be enjoined. Dauro filed an answer and cross-bill charging Dedeaux with filing the suit to harass and abuse Dauro and demanded damages and attorney's fees based on abuse of process.
After a full hearing, the chancellor found that Dedeaux did not sustain the burden of proof and dismissed the suit with the exception that the decree provided that Dauro would not be permitted to use his automobile body shop during the night hours and on Sundays except in cases of extreme emergency and junked or wrecked automobiles could not be placed between the proposed new building and the road. The chancellor allowed Dauro $500 attorney's fees. Dedeaux appeals from that part of the decree requiring him to pay Dauro an attorney's fee. Dauro cross-appealed from that part of the decree restricting the use of his property to the extent stated above.

*864 ON DIRECT APPEAL
The question on direct appeal is whether the chancery court erred in awarding Dauro an attorney's fee of $500.
There was no proof and the chancellor made no finding that there was an abuse of process on the part of Dedeaux, therefore, no question arises as to whether an attorney's fee would have been allowable had the charge of abuse of process been sustained.
No preliminary or temporary injunction was issued and Dedeaux gave no injunction bond.
Dedeaux filed suit to enjoin the construction of a building by Dauro in which Dauro intended to continue the business of an automobile body shop which had theretofore been conducted in another building farther back on Dauro's lot. The rule in this state is that in the absence of an express statutory provision an attorney's fee is not recoverable by a successful defendant in the chancery court. Bridges v. Land, 252 So.2d 209 (Miss. 1971); Cooper v. United States F. & G. Co., 186 Miss. 116, 188 So. 6 (1939). We are of the opinion that the court erred in awarding Dauro an attorney's fee and that part of the decree is reversed and judgment is entered here in favor of Dedeaux on that issue.

ON CROSS-APPEAL
The sole question on cross-appeal is whether the trial court erred in including in the final decree the following:
"1. Use by the Defendant (Dauro) of his premises will not be permitted during the night hours and on Sundays except in the case of extreme emergency.
2. No junked or wrecked automobiles will be placed between the proposed new building and Allen Road."
Dedeaux's home is located directly across the street from the Dauro property. Dauro's lot contains five and one-half acres of land and runs back from the road a distance of 1200 feet. For a number of years Dauro operated a body repair shop in a building approximately 300 yards from the Allen Road which runs between the Dedeaux and Dauro properties. There are other businesses in the area and Dedeaux's wife operates a beauty shop on their property. The two properties in question are located outside the city limits of Long Beach and there is no zoning ordinance involved in this case.
The chancellor's findings that Dedeaux failed to sustain the burden of proof necessarily included a finding that the automobile body shop was not a nuisance per se. The court declined to enjoin the construction of the proposed new building to house the body shop, which new building would be located nearer to the Dedeaux residence than the old shop. There is no appeal from this part of the decree.
We are of the opinion that the factual finding of the chancellor necessarily required as a matter of law that the bill of complaint be dismissed in its entirety and that it was error to include in the final decree the provisions restricting Dauro's use of his property. Of course, it is possible that Dauro could so use his property as to constitute a public nuisance, and if this should develop as a fact, Dedeaux would be entitled to an appropriate remedy; but the proof failed to show that Dedeaux was entitled to any present relief in this suit.
We are of the opinion that the trial court erred in restricting the future use of the Dauro property and that part of the decree is reversed and the bill of complaint filed by Dedeaux is dismissed.
On direct appeal the part of the decree allowing Dauro an attorney's fee is reversed and rendered; and on cross-appeal that part of the decree restricting the use of Dauro's property is reversed and the bill dismissed.
Reversed on direct and cross-appeals and rendered.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.