# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 1999-CA-00980-COA

**SAMMY R. PURVIS**                                                                    **APPELLANT**

**v.**

**MACY L. BARNES AND DANA A. SANDERS**                                          **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/04/1999 |
| TRIAL JUDGE: | HON. PAT WISE |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | STEPHEN L. BEACH III |
| ATTORNEY FOR APPELLEES: | DAVID WAYNE BARIA |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | PUNITIVE DAMAGES IN THE AMOUNT OF $5000 AWARDED TO EACH PLAINTIFF; ATTORNEY FEES IN THE AMOUNT OF $12,230.51 AWARDED TO PLAINTIFFS. |
| DISPOSITION: | REVERSED AND RENDERED - 08/01/00 |
| MOTION FOR REHEARING FILED: | 8/14/2000; denied 10/10/2000 |
| CERTIORARI FILED: | 10/16/2000; granted 1/18/2001 |
| MANDATE ISSUED: | |

EN BANC

IRVING, J., FOR THE COURT:

¶1. Macy L. Barnes and Dana A. Sanders filed suit in the Chancery Court of Hinds County against Sammy R. Purvis, seeking damages stemming from Purvis's interference with the sale of a certain parcel of real property to Sanders by Barnes. The complaint set forth numerous claims including slander of title, misrepresentation and fraud in the inducement, breach of covenant of good faith and fair dealing, breach of fiduciary duty, tortious interference with business relationships, and defamation. Purvis counterclaimed alleging that Barnes had breached the sales contract entered into by the two of them wherein she had contracted to sell the real property to him instead of to Sanders. Additionally, Purvis claimed that Sanders had intentionally interfered with the contractual relationship between Purvis and Barnes.

¶2. The chancellor entered an order finding that the contract between Purvis and Barnes was fraudulently induced by Purvis and voided said contract. She also found that punitive damages were proper, even though she made no finding of actual damages, and ordered Purvis to pay punitive damages in the amount of $5,000 to Barnes and $5,000 to Sanders. In addition, the chancellor found that an award of attorney's fees was warranted in the amount of $12,230.51. Feeling aggrieved, Purvis filed this appeal setting forth the following assignments of error which are taken verbatim from his appeal brief:

**(1) Did the Chancery Court commit error in awarding punitive damages to the appellees without an award of actual damages?**

**(2) Did the Chancery Court commit error when it awarded attorney fees where punitive damages were improper as a matter of law?**

Finding error, we reverse and render.

## Facts

¶3. The facts, as found by the chancellor below are as follows:

On or about February 2, 1996, Macy Barnes and her husband Mikel Barnes contacted Sammy Purvis, Dana Sanders and other investors to solicit bids on a piece of property located at 4829 Sunnybrook Road, Jackson, Mississippi, which was owned by Macy Barnes. After inspecting the property that day, Sammy Purvis extended an offer of $11,000 to Macy Barnes's mother-in-law, Mrs. Dean Gray, who assisted in showing the property. On February 13, 1996, Mr. Barnes contacted the other investors, including Dana Sanders, to gauge their interest. Dana Sanders, along with several other investors, indicated an interest in inspecting the property with the intent to bid.

¶4. On February 14, 1996, Purvis, who is a licensed realtor, contacted Macy Barnes at her office. He increased his offer to $11,300 at that time contingent upon immediate acceptance of that offer. Ms. Barnes advised Mr. Purvis that she and her husband were awaiting other offers. In an effort to close the deal before other offers could be entertained, Mr. Purvis began pressuring Ms. Barnes to immediately accept his offer. Mr. Purvis told Ms. Barnes that he had spoken with Dana Sanders and that Mr. Sanders had represented that he had neither the financial ability nor the inclination to make an offer on the property. In fact, from his conversations with Mr. Sanders, Mr. Purvis knew the opposite to be true. Mr. Purvis further advised Ms. Barnes that no other investors were interested in the property. Furthermore, if she did not accept his offer, the property would not sell as he would bring his efforts to bear to assure such a result.

¶5. After the conclusion of the conversation, Ms. Barnes called her husband and told him of these events. Mr. Barnes called Mr. Purvis who repeated the same misrepresentations to Mr. Barnes. At that time, Mr. Purvis faxed a real estate contract to Ms. Barnes who signed it and faxed a return copy to Mr. Purvis. On the same day, but prior to this series of conversations, Mr. Purvis had called Mr. Sanders and offered him $500 to "back off this deal." Mr. Sanders rejected the offer and informed Mr. Purvis that he intended to bid on the subject property.

¶6. Later that day, Mr. Sanders called Ms. Barnes and offered her $12,000 for the property. Realizing that Mr. Purvis's representations concerning Mr. Sanders had been false, Ms. Barnes called Mr. Purvis and informed him that she was voiding the contract. Ms. Barnes followed this conversation with a written expression of her avoidance of the contract which was mailed to and received by Mr. Purvis. She subsequently sold the property to Mr. Sanders.

¶7. In several subsequent conversations with Mr. and Ms. Barnes, as well as with Ms. Gray, Mr. Purvis made numerous threats concerning the subject property. Mr. Purvis also left a message on the answering machine of Dana Sanders in which he promised to "deal you and them both some misery." On February 15, 1996, Mr. Purvis filed a *lis pendens* notice with the Hinds County Chancery Clerk which was later

expunged by order of the chancery court. On May 29, 1996, after filing his answer and counterclaim in this matter, Mr. Purvis filed another *lis pendens* notice.

¶8. As stated earlier, at the conclusion of the trial on this matter the chancellor entered an order voiding the contract between Purvis and Barnes on the basis that it was fraudulently induced by Purvis. She also found that punitive damages were proper, even though she made no finding of actual damages, and ordered Purvis to pay punitive damages in the amount of $5,000 to Barnes and $5,000 to Sanders. In addition, the chancellor found that an award of attorney's fees was warranted in the amount of $12,230.51.

## Analysis of Issues Presented

### (1) Did the chancery court commit error in awarding punitive damages to the appellees without an award of actual damages?

### Standard of Review

¶9. A chancellor's ruling on findings of fact will not be disturbed unless manifestly wrong or clearly erroneous. *Denson v. George*, 642 So. 2d 909, 913 (Miss. 1994). For questions of law, our standard of review is *de novo*. *Smith v. Dorsey*, 599 So. 2d 529, 533 (Miss. 1992). Two principal questions are presented in this appeal. We conclude that the errors urged by Purvis involve questions of law in which the chancellor enjoyed no discretion. In reviewing the chancellor's legal conclusions, we conduct a plenary review of all legal issues. *Mississippi State Tax Comm'n v. Oscar E. Austin Trust*, 719 So. 2d 1172, 1173 (Miss. 1998).

¶10. Purvis argues that the chancery court erred by awarding punitive damages in the absence of an award of actual or compensatory damages. He further argues that even though Barnes and Sanders requested compensatory damages in the amount of $25,000 based on their allegation of fraud and misrepresentation by Purvis, the court specifically declined to include such damages in its final order, thus precluding the possibility of any award for punitive damages in this case.

¶11. *Tideway Oil Programs Inc. v. Serio*, 431 So. 2d 454 (Miss.1983), is the seminal case governing the award of punitive damages in chancery court. *Smith v. Dorsey*, 599 So. 2d 529, 549 (Miss. 1992). *Tideway Oil* instructs that punitive damages are recoverable where the defendant has done to the plaintiff such a wrong as to import "insult, fraud, oppression or reckless disregard for the rights of the plaintiff." *Tideway Oil*, 431 So. 2d at 465. "Such damages ought to be awarded only where the plaintiff, at great trouble and personal expense, has rendered a public service by bringing the wrongdoer to account." *Id*. at 461. The rationale of *Tideway Oil* has been applied consistently in our case law and is now frequently cited with approval. *Southeast Bank of Broward, Florida v. I.P. Sarullo Enters., Inc*., 555 So. 2d 704, 712 (Miss. 1989).

¶12. It is well-established that punitive damages are not intended to compensate a party for some injury; rather, they are given as punishment to the wrongdoer to serve as a deterrent to others who might be inclined to commit similar offenses. *Mississippi Power Co. v. Jones*, 369 So. 2d 1381, 1387 (Miss. 1979). Where, as in the case *sub judice*, there are no actual damages, punitive damages are not recoverable. *Hopewell Enter., Inc. v. Trustmark Nat'l Bank*, 680 So. 2d 812, 820 (Miss. 1996). Having found no basis for the chancellor's award of actual damages to Barnes and Sanders, we are required also to find that the award of punitive damages was inappropriate.

¶13. Barnes and Sanders argue that Purvis did not properly preserve the issue for appeal by filing the appropriate motion so as to present the chancellor with an opportunity to correct the alleged shortcomings in her order. Instead, argues Barnes and Sanders, Purvis chose to remain silent and now attempts to correct the alleged deficiency on appeal. They cite a string of cases they say support this contention.

¶14. However, as correctly pointed out by Purvis in his appeal brief, all but one of their cited authorities involved errors that occurred during a jury trial which were either not contemporaneously objected to during trial or were properly objected to but not presented in a post-trial motion. They cite no legal authority which holds that in the case of a chancellor sitting without a jury, an appellant is required to move for reconsideration or file any post-trial motion. Every case cited by Barnes and Sanders, except *Collins v. Acree*, 614 So. 2d 391, 393 (Miss. 1993), deals exclusively with a jury trial, and situations such as the failure to preserve issues stemming from a jury verdict, and errors which were not objected to during jury trial, or errors which occurred during a jury trial that were objected to but not preserved in a post-trial motion.

¶15. *Collins* involved a situation where the appellant, Acree, sat by and allowed a flawed stipulation to occur during trial, appealed the decision, and then sought relief through a Rule 60(b) motion to the trial court after the mandate of the appellate court had become final. Surprisingly, the trial court sustained the motion and set aside the stipulation. On the second appeal from this action, the Mississippi Supreme Court held that the Rule 60(b) motion for relief from judgment could not be made after the appellate court affirmed the original trial court judgment and mandate had issued. We do not find *Collins*, nor any of the other cited authorities, persuasive on this issue. We reverse and render.

¶16. Barnes and Sanders argue further that even if the filing of post-trial motions were not required to preserve the issue for appeal, they should still prevail because the chancellor's order, in effect, ruled that Purvis's fraud caused actual damages to them in the form of attorney's fees and that attorney's fees can be considered as actual damages under Mississippi law. They cite two authorities that they claim support their proposition that they sustained and were awarded actual damages in the form of attorney's fees. The cited authorities are Miss. Code Ann. § 75-2-715 (Supp. 1999) and *Beck Enterprises, Inc. v. Hester*, 512 So. 2d 672, 675 (Miss. 1987). A close examination of these authorities fails to reveal any support for Barnes and Sanders's contention that attorney's fees can be viewed as actual damages. This brings us to issue number two.

### (2) Did the chancery court commit error when it awarded attorney's fees?

¶17. The Mississippi Supreme Court has analogized an allowance of attorney's fees to the grant of punitive damages. Absent statutory authority or contractual provisions, attorneys' fees cannot be awarded unless punitive damages are also proper. *Defenbaugh and Co. of Leland v. Rogers, By and Through Thompson,* 543 So. 2d 1164, 1167 (Miss.1989); *Central Bank of Mississippi v. Butler*, 517 So. 2d 507, 512 (Miss.1987); *Grisham v. Hinton*, 490 So. 2d 1201, 1205 (Miss.1986); *Gardner v. Jones*, 464 So. 2d 1144, 1150 (Miss. 1985); *Aetna Cas. & Surety Co. v. Steele*, 373 So.2d 797, 801 (Miss. 1979).

¶18. Also, Mississippi follows the rule that "unless a statute or contract provides for imposition of attorney fees, they are not recoverable." *Century 21 Deep South Properties, Ltd. v. Corson*, 612 So. 2d 359, 375 (Miss. 1992). Further, "[w]hen there is no contractual provision or statutory authority providing for attorney fees, they may not be awarded as damages unless punitive damages are also proper." *Id.*; *Smith v. Dorsey*, 599 So. 2d 529, 550 (Miss. 1992). Since none of the conditions precedent to an award of

attorney's fees were present in the case at bar, we find that the award of attorney's fees to Barnes and Sanders was improper. Accordingly, we reverse and render.

¶19. **THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY AWARDING PUNITIVE DAMAGES IN THE AMOUNT OF $5,000 TO MACY BARNES AND $5,000 TO DANA SANDERS AND ATTORNEY'S FEES IN THE AMOUNT OF $12,230.51 IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.**

> **McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, PAYNE, AND THOMAS, JJ., CONCUR. LEE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY MOORE, J. MYERS, J., NOT PARTICIPATING.**

> LEE, J., CONCURRING IN PART, DISSENTING IN PART:

¶20. It is with deference for the opinion of the majority that I dissent. I agree, that with only a few exceptions, the law in Mississippi requires that there be an award of actual damages before punitive damages may be given. However, I must dissent because of the somewhat ironic conclusion that was reached by the chancellor. In the opinion and order of the trial court, the chancellor made very detailed findings of wrongs committed by Purvis and held that those wrongs were sufficient enough to award punitive damages. The chancellor cited ample authority for the justification of punitive damages. Yet the chancellor specifically failed to address the issue of actual damages in the opinion and order of the court before awarding punitive damages. It seems illogical that conduct meriting punitive damages as in this case were not somehow precipitated by actual damages, however nominal they may be.

¶21. That is to say where there is smoke there is fire. Unfortunately, in this case the lower court found lots of smoke but whether through mere oversight or refusal to do so, failed to admit there was a fire. Having said this, and the fact that the lower court specifically failed to consider the issue of the separate demands of the $25,000 in compensatory damages sought by Barnes and Sanders, I determine that the case should be reversed and remanded to determine whether there were actual damages present in this case.

> **MOORE, J., JOINS THIS SEPARATE WRITTEN OPINION.**